UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

    Plaintiff,                                   Civil No. 5:07-CV-13574
                                                  HONORABLE JOHN CORBETT O'MEARA
v.                                                 UNITED STATES DISTRICT JUDGE

BETH DAVIS, et. al.

    Defendants,
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR VOLUNTARY DISMISSAL, ORDERING THE CLERK OF THE COURT TO RETURN THE PLEADINGS FILED IN THIS CASE TO PLAINTIFF'S PENDING CASE, AND DENYING THE MOTION TO HOLD THE CLERK OF THE COURT IN CONTEMPT OF COURT**

    Michael Garrison, ("plaintiff"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has a civil rights complaint that was filed pursuant to 42 U.S.C. § 1983 pending before this Court. Plaintiff has now filed a motion to return pleadings to original case and for an order to show cause. The Court construes plaintiff's motion in part as a motion for voluntary dismissal pursuant to Fed.R.Civ.P 41(a). For the reasons stated below, the motion for voluntary dismissal is granted and the complaint is **DISMISSED WITHOUT PREJUDICE.** The Court will further direct that plaintiff's pleadings in this case be re-filed by the Clerk of the Court in the case of *Garrison v. Davis, et. al.,* U.S.D.C. No. 06-13258, which is pending before Judge Nancy G. Edmunds. The Court will deny the motion to hold the Clerk of the Court in contempt.

1

## I. Background

Plaintiff filed a civil rights complaint against the defendants in this case on July 19, 2006. The complaint was dismissed by Judge Edmunds on January 29, 2007. *Garrison v. Davis, et. al.,* U.S.D.C. No. 06-13258 (E.D. Mich. January 29, 2007). Plaintiff filed a motion for relief from judgment, which was denied on May 24, 2007. *Id.* On August 22, 2007, plaintiff filed a second motion for relief from judgment, which remains pending before Judge Edmunds. [1]

On August 27, 2007, the Clerk of the Court opened a new civil rights complaint for plaintiff, after receiving pleadings from him. On September 7, 2007, Magistrate Judge R. Steven Whalen signed an order of deficiency, because plaintiff had failed to submit either the $ 350.00 filing fee or an application to proceed without prepayment of fees.

Plaintiff has now filed a motion to return pleadings to original case and for an order to show cause. Plaintiff claims that he did not intend to file a new civil action, but intended that the pleadings that were filed in this case were to be part of his Rule 60(b) motion for relief from judgment that is pending before Judge Edmunds. Plaintiff asks that the pleadings in this case be transferred to the case pending before Judge Edmunds. Plaintiff further requests that the Clerk of the Court be held in contempt for filing his pleadings as a new action.

## II. Discussion

---

[1] This Court obtained this information from this district court's docket sheet, which this Court is permitted to take judicial notice of in a prisoner civil rights case. *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005)

As an initial matter, the Court construes plaintiff's motion as a motion to voluntarily dismiss the new civil action. Fed.R.Civ.P. 41(a) provides that a plaintiff may dismiss an action without order of court by filing a notice of dismissal before service by the adverse party of an answer or motion for summary judgment. *See also Doran v. McGinnis*, 158 F.R.D. 383, 389 (E.D. Mich. 1994). Plaintiff is entitled to a voluntary dismissal of his civil rights complaint, in light of the fact that the defendants have not yet been served in this case, nor have they filed an answer to the complaint or motions to dismiss or for summary judgment. *Id.*

The Court will further direct that the pleadings in this case [Dkt. Entry # 1] be filed by the Clerk of the Court with *Garrison v. Davis, et. al.,* U.S.D.C. No. 06-13258, which remains pending before Judge Edmunds.

Lastly, the Court will deny plaintiff's motion to hold the Clerk of the Court in contempt, because it appears that the Clerk of the Court and her employees acted in good faith and with an honest belief when they filed plaintiff's pleadings as a new civil action. *See e.g. Jinkens v. Hampshire Gardens Development Corp.,* 8 F.R.D. 330, 333-34 (D.D.C. 1935).

### III. ORDER

Based upon the foregoing, the motion for voluntary dismissal is **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's pleadings be re-filed under *Garrison v. Davis, et. al.,* No. U.S.D.C. 06-13258.

**IT IS FURTHER ORDERED** that the motion to hold the Clerk of the Court in contempt is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Dated: September 27, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 27, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager